IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-2965

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEORGE S. HARRINGTON,

    Defendant

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2019

JEFFREY P. COLWELL
CLERK

## ANSWER TO COMPLAINT

Defendant, George S. Harrington, proceeding Pro Se, answers the Complaint as follows:

### GENERAL DENIAL OF LIABILITY

Defendant generally denies any liability arising from any of the allegations asserted by the United States in the Complaint. Any allegation in the Complaint which is not expressly admitted below is denied. Defendant did not fail nor willfully fail to timely report any of his financial interests in, or signature authority over, any foreign bank accounts for the calendar years 2007, 2008, 2009, and 2010, as required.

### SPECIFIC RESPONSES TO THE ALLEGATIONS IN THE COMPLAINT

Defendant responds to the specific allegations in each paragraph of the Complaint as follows:

    1.    The United States brings this action to reduce to judgement civil penalty assessments against George S. Harrington, pursuant to 31 U.S.C. § 5321(a)(5). These penalties, commonly known as "FBAR penalties," arise from Mr. Harrington's failure to timely report his

1

financial interest in, or signature authority over, foreign bank accounts for the 2007, 2008, 2009 and 2010 calendar years, as required under 31 U.S.C. § 5314 and related regulations.

ANSWER: First sentence requires no response. Second sentence, Defendant denies he willfully failed to timely report his financial interest in, or signature authority over, any foreign account for any year.

2. The IRS Chief Counsel, a delegate of the Secretary of the Treasury, has authorized this action, which the United States brings at the direction of theAttorney General's delegate, pursuant to 31 U.S.C.§ 3711(g)(4)(C).

ANSWER: The defendant lacks knowledge sufficient respond to the statements contained in this paragraph.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355.

ANSWER: The allegations contained in this paragraph are statements of law and are neither admitted nor denied.

4. Venue properly lies in the District of Colorado under 28 U.S.C. §§ 1391(b)(1) and 1395(a).

ANSWER: The allegation of this paragraph is a statement of law and is neither admitted nor denied

## The Defendant

5. Defendant George Harrington resides in Grand Junction, Colorado and was a resident of the United States during the calendar years at issue.

ANSWER: Defendant admits the allegations of this paragraph.

6. Mr. Harrington prepared his own federal tax returns for the 2007 through 2010 years. Beginning as early as 2006, Mr. Harrington also prepared his own FBARS with respect to a foreign account in New Zealand.

ANSWER: Defendant admits the allegations in this paragraph.

## Foreign Bank or Financial Account Reporting Requirements

7. Federal Law requires every resident or citizen of the United States who has a financial interest in, or other authority over, a bank, securities, or other financial account in a foreign country to report that relationship to the Department of Treasury for each year in which the relationship exists. *See* 31 U.S.C. § 5314(a), 31 U.S.C. § 1010.350(a).

ANSWER: The allegations of this paragraph are statements of law and are neither admitted nor denied.

8. To fulfill this requirement, such a U.S. resident or citizen must file with the IRS an "FBAR." To report information for all years through 2012, the proper FBAR form was Form TD F 90-22.1

ANSWER: The allegations of this paragraph are statements of law and are neither admitted nor denied.

9. For each of the calendar years at issue in this action, an FBAR was due no later than June 30 of the subsequent calendar year for any year in which the aggregate balance of the foreign financial accounts exceeded $10,000. 31 C.F.R. § 1010.306(c).

ANSWER: To the extent that the allegation is a statement of law, it is neither admitted nor denied; to the extent it infers an obligation of defendant with respect to specific allegations of the Complaint, it is denied.

10. Any United States resident or citizen who fails to comply with the FBAR reporting requirements may be subject to a civil penalty. For violations involving the willful failure to report an interest in a foreign account, the maximum civil penalty the Department of Treasury may impose for each violation is the greater of $100,000 or 50% of the balance in the account at the time of violation. 31 U.S.C. § 5321(a)(5)(C).

ANSWER: First sentence is a statement of law and is neither admitted nor denied; Second sentence is denied.

11. This FBAR penalty is subject to interest and additional penalties under 31 U.S.C. § 3717.

ANSWER: The allegation in this paragraph is a statement of law and is neither admitted nor denied.

**Mr. Harrington's Willful Violations of FBAR Reporting Requirements**

12. From 2007 through 2010, Mr. Harrington had interests in foreign accounts in Europe with annual balances exceeding $10,000. Despite an obligation to file timely FBARs reporting his interests in these foreign accounts for each of these years, Mr. Harrington did not do

so. In addition, Mr. Harrington did not report on his 2007 through 2010 federal tax returns income he received from these foreign accounts. Mr. Harrington intentionally failed to disclose his interests in these foreign accounts until the IRS, during an examination of his tax returns, confronted him with evidence of those interests.

ANSWER: The allegations of this paragraph are denied. Defendant properly disclosed all foreign accounts he was required by law to disclose.

13. In 2013, the IRS began an examination of Mr. Harrington's tax returns beginning with the 2005 tax year. In an interview as part of this examination, Mr. Harrington stated that he had a foreign bank accounting New Zealand for which he had timely filed FBARs. He stated that he might have connections to other foreign accounts, but that those accounts were not in his name and that former business associates managed them.

ANSWER: Defendant admits he was audited, that he timely filed FBARs and income statements for his New Zealand account. Denies all other allegations contained in this paragraph.

14. In a later meeting with Mr. Harrington, the IRS presented him with evidence indicating that he and his wife had been beneficial owners of a UBS bank account in the Cayman Islands. The account was under the name " Reed International Limited.," a logging company that Mr. Harrington previously had managed. The IRS showed Mr. Harrington a letter from Reed International requesting that UBS release the account's assets to Mr. Harrington and his wife after the account's closure in 2007.

ANSWER: Defendant admits there existed a company named Reed International Ltd.; denies all other allegations in this paragraph.

15. Only after the IRS presented this evidence to Mr. Harrington did he agree to disclose information regarding the UBS-Cayman account and other foreign accounts to which the UBS funds had been transferred.

ANSWER: Defendant denies the allegations contained in this paragraph.

16. Mr. Harrington disclosed that, until 2007, he also had an interest in a Royal Bank of Canada account under the name "Malta, Ltd." The account had been used to handle income and expenses related to Eastern Wood Harvesters, another logging business that Mr. Harrington managed.

ANSWER: Defendant admits that an operating company named Malta Ltd. existed; denies all other allegations of this paragraph.

17. In 2007, funds from both UBS-Cayman and Royal Bank of Canada accounts were transferred to a new UBS account (ending in 9354) in Switzerland under the name "Ruth Schroder Stiftung." Ruth Schroder Stiftung was a foundation in Liechtenstein. The account's opening documents identify the foundation's founder as "Tremaco Trust" and its board member as "Globaco ag." The foundation's by-laws designate Mr. Harrington and his wife as primary beneficiaries and their children as secondary beneficiaries.

ANSWER: The Defendant admits he was a beneficiary of a Liechtenstein foundation, lacks knowledge sufficient to respond to further allegations in this paragraph.

18. At the end of 2009, most of the foundation's funds were transferred to a Valor Life insurance policy(account nos. 58585 and 58585) in Liechtenstein. The policy lists Mr.

Harrington and his wife as the policy holders and the insureds, and lists their children as beneficiaries.

ANSWER: At a date uncertain, not at the end of 2009, two deferred variable annuities, policy numbers 58585 and 58586 were purchased from Valor Life. There were no account numbers. Other allegations of this paragraph are admitted.

19. In February 2014, Mr. Harrington filed amended FBARs, and amended tax returns, covering the 2007 through 2010 years. In these amended FBARs, Mr. Harrington reported, for the first time, his interests in the Royal Bank of Canada, UBS-Cayman, UBS-Switzerland, and Valor Life accounts.

ANSWER: On erroneous advice of counsel, Defendant filed said erroneous amended returns and erroneous amended FBARs. Defendant did not, in reality, have reportable interests in the listed accounts. There were no Valor Life "accounts."

20. On the amended FBARs, Mr. Harrington reported the following highest balances for the UBS-Switzerland and Valor Life accounts during each year from 2007 through 2010:

| Year | UBS (9354) | Valor Life (58585 & 58586) |
|---|---|---|
| 2007 | $1,864,451 | — |
| 2008 | $3,249,734 | — |
| 2009 | $331,681 | $3,052,964 |
| 2010 | $13,362 | $3,445,225 |

ANSWER: Defendant admits filing amended FBARs containing numbers provided by others; denies accuracy of those numbers, denies Valor Life policy numbers 58585 & 58586 are account numbers.

21. For each of these years, the aggregate balance of each of these foreign accounts exceeded $10,000 in U.S. currency.

ANSWER: The defendant lacks knowledge sufficient to respond to the statement in this paragraph.

22. For each of these years, Mr. Harrington did not file, by the applicable deadline, an FBAR reporting his interest these foreign accounts.

ANSWER: Defendant denies the allegations contained in this paragraph. Defendant timely filed required FBARs.

23. Mr. Harrington had actual or constructive knowledge of his obligation to file FBARs reporting his interests in these foreign accounts for each of these years, given that, among other considerations, he filed FBARs reporting his interest in a New Zealand account as early as 2006. Mr. Harrington intentionally failed to timely disclose his interests in the UBS-Switzerland and Valor Life accounts for 2007 through 2010.

ANSWER: Defendant objects that this paragraph is vague and does not conform to the requirements of Rule 8(d)(1) *Fed. R. Civ. P.* Defendant denies the allegations contained in this paragraph.

24. Each instance of Mr. Harrington's failure to report his interest in each of the foreign accounts listed in Paragraph 20, in a year for which he was required to file an FBAR, constitutes a separate willful violation of the FBAR filing requirements.

ANSWER: The defendant lacks knowledge sufficient to respond to the statement in this paragraph.

## COUNT ONE;
## REDUCE WILLFUL FBAR PENALTIES TO JUDGEMENT

25. The United States incorporates by reference the allegations in Paragraphs 1 through 24.

ANSWER: The Defendant incorporates by reference the answers to Paragraphs 1 through 24.

26. By June 30, 2008, Mr.Harrington was required to file an FBAR reporting his interest in the UBS-Switzerland account for 2007. By June 30, 2009, he was required to file an FBAR reporting his interest in the UBS-Switzerland account for 2008. By June 30, 2010, Mr. Harrington was required to file an FBAR reporting his interests in the UBS-Switzerland and Valor Life accounts for 2012.

ANSWER: Defendant denies the allegations contained in this paragraph.

27. Under 31 U.S.C. § 5321(b), therefore, the time for the IRS to assess FBAR penalties for these years would have expired, respectively, on June 30, 2014; June 30, 2015; June 30, 2016; and June 30 2017.

ANSWER: The Defendant lacks knowledge sufficient to respond to the statements contained in this paragraph.

28. On March 14, 2014; January 28, 2015; July 23, 2015; February 26, 2016; and January 13 2017, Mr. Harrington executed consents to extend the statute of limitations period for all years until March 31, 2018.

ANSWER: Defendant admits the allegations contained in this paragraph.

29. On October 27, 2017 the IRS timely assessed against Mr. Harrington civil penalties for willful FBAR violations in the following amounts for the following years:

| Year | FBAR Penalty |
|------|--------------|
| 2007 | $269,633 |
| 2008 | $469,970 |
| 2009 | $489,481 |
| 2010 | $500,160 |

ANSWER: Defendant admits IRS did assess penalties.

30. For 2007 and 2008, the FBAR penalty is less than 50% of the high balance in the UBS-Switzerland account for each of those years. For 2009 and 2010, the FBAR penalty allocated to the UBS-Switzerland account and Valor Life accounts is less than 50% of the high balance in each of those accounts for each of those years.

ANSWER: Defendant denies the allegations of this paragraph.

31. The IRS made the assessments in Paragraph 29 pursuant to 31 U.S.C. §5321(a)(5)©, which imposes a penalty not to exceed the greater of $100,000 or 50% of the balance in the account at the time of the violation for each willful violation of the FBAR filing requirements in 31 U.S.C. § 5314.

ANSWER: Defendant admits IRS made assessments, denies those assessments are valid as IRS did not make those assessments in conformity to current regulatory and case law.

32. On October 31, 2017, the IRS provided Mr. Harrington notice, and demanded payment of the FBAR penalties for 2007 through 2010.

ANSWER: The Defendant lacks knowledge sufficient to respond to the statements contained in this paragraph.

33.     Despite receiving notice and demand for payment, Mr. Harrington has not paid the outstanding FBAR penalties described in Paragraph 29.

ANSWER:   The Defendant admits he has not paid the FBAR penalties described.

34.     Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgement interest that has accrued on Mr. Harrington's unpaid FBAR penalties.

ANSWER:   Defendant denies the United States is entitled to recover these unlawfully assessed FBAR penalties and interest thereon.

35.     Pursuant to 31 U.S.C. § 3717(e)(2) the United States is entitled to recover a penalty for Mr. Harrington's failure to pay a lawful debt owed to the United States.

ANSWER:   Defendant denies the allegation contained in this paragraph.

36.     Pursuant to 31 U.S.C. § 3717(e)(1), the Unite States is entitled to recover the cost of processing and handling Mr. Harrington's unpaid FBAR penalties.

ANSWER:   Defendant denies the allegation contained in this paragraph.

37.     Mr. Harrington is thus liable to the United States for $1,729,244 in willful FBAR penalties for 2007 through 2010, plus $103,663 in interest, failure to pay penalties, and costs of collection, pursuant to 31 U.S.C. § 3717, as of October 3, 2018.

ANSWER;   Defendant denies the allegations contained in this paragraph.

38.     The United States is entitled to recover $1,832,907 as of October 3, 2018, plus interest, penalties, and costs accruing from that date.

ANSWER:   Defendant denies that the United States is entitled to recover $1,832,907, an amount erroneously and unlawfully assessed.

WHEREFORE, the Defendant respectfully requests that the Court dismiss Plaintiff's Count One of the Complaint and for such other relief as the Court might find appropriate

## COUNT TWO
## ORDER MR. HARRINGTON TO REPATRIATE ASSETS

39. The United States incorporates by reference the allegations in Paragraphs 1 through 38.

ANSWER: The Defendant incorporates by reference his answers to Paragraphs 1 through 38.

40. Mr. Harrington's known assets located in the United States are insufficient to satisfy the $1,832,907 liability at issue in this case.

ANSWER: Defendant denies there exists a lawfully assessed liability against him which cannot be satisfied by his assets in the United States.

41. In January of 2013, the approximately $3 million in Mr. Harrington's Valor Life accounts in Liechtenstein was moved to AGT Bank LG in Liechtenstein.

ANSWER: Defendant denies this allegation.

42. Given that Mr. Harrington owns substantial assets in overseas accounts, which he has moved between different accounts, a repatriation order is appropriate and necessary to collect on Mr. Harrington's significant liability for the FBAR penalties for 2007 through 2010.

ANSWER: The Defendant denies all allegations contained in this Paragraph.

43. The Court has the authority to issue such a repatriation order pursuant to the All Writs Act, 28 U.S.C. § 1651, as incorporated in the Federal Debt Collection Procedures Act, 28 U.S.C. § 3202(a).

ANSWER: The allegation contained in this Paragraph is a statement of law and is neither admitted nor denied.

WHEREFORE, the United States respectfully requests that the Court:

A. Enter judgement in favor of the United States and against George S. Harrington in the amount of $1,832,907, as of October 3, 2018, plus interest, penalties and costs accruing from that date;

B. Enter an order requiring Defendant George S. Harrington to repatriate the approximately $3 million in AGT Bank LG in Liechtenstein; and

C. Award the United States its costs in this action and any other relief the Court finds appropriate.

WHEREFORE, Defendant, George S. Harrington respectfully requests this Court to dismiss Count Two of Plaintiff's Complaint and for any other relief the Court finds appropriate.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses:

A. The Complaint does not state a basis upon which relief can be granted;

B. The penalties asserted were not properly assessed;

C. The Plaintiff did not observe statutory, regulatory nor case law, in assessing penalties.

DEFENDANT REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted November 18, 2019.

George S. Harrington
Pro Se
Defendant

/s/ George S. Harrington
Defendant
1245 Chipeta Ave.
Grand Junction CO 81501
360 674 0280
mjgharrington@hotmail.com

November 18, 2019

Clerk of the Court
United States District Court
District of Colorado
901 19th Street
Denver CO 80294


Charles Butler
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington D.C.


Dear Sir or Madam,

Please find enclosed a timely Answer from Defendant George S. Harrington to Complaint filed in Civil Action No. 19-cv-02965 in United States District Court for the District of Colorado.

This Defendant applied on 11/15/2019 for permission to file electronically; said permission has not yet been received.

George Harrington
11/18/2019

NYW