IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-02965-PAB-GPG

UNITED STATES OF AMERICA,

    Plaintiff

    v.

GEORGE S. HARRINGTON,

    Defendant

_____

DEFENDANT'S REPLY IN OPPOSITION TO PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT

_____

The United States, plaintiff, moves to add defendant's wife (D's wife) as a defendant in its suit to reduce to judgement FBAR penalties assessed against defendant. Defendant opposes:

    * IRS examiner (RO) specifically determined that D's wife is not liable for those penalties and no penalties have been assessed.

    *  Plaintiff, by moving to amend its complaint, seeks in effect thereby to reduce to judgement un-assessed FBAR penalties against D's wife.

     * The IRS and the RO were informed during examination and Tax Court trial that D's wife held, in legal, tax compliant, fully reported accounts in her own name in

European banks the assets which Plaintiff now seeks to obtain, alleging fraudulent transfer. Defendant timely provided that information, including documentation and testimonial transcripts to plaintiff when plaintiff denied its ability to obtain that information.

Complete documentation of her possession of the assets have either been provided to the plaintiff during discovery or have been available to it via FBARs, IRS tax forms 8938, D's wife's 1040 tax filings, bank records provided to plaintiff and/or other documents and records. The Rule 16(b) standard requires a showing of a good cause. This standard requires the United States to show that it could not have met the amendment deadline despite diligent effort. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). One common example of good cause is where a party learns new information through discovery. Tesone, 942 F.3d at 990. The relevant information is not new. Plaintiff has not been diligent. Plaintiff could have resolved any uncertainty of ownership of fully disclosed asset locations with a simple question. Defendant should not be obliged to guess what plaintiff has failed to notice.

The case record is relevant:

* IRS assessed penalties against defendant (only) October 27, 2017.

* Complaint filed October 17, 2019.

* Deadline for Joinder of Parties and Amendment of Pleadings: April 6, 2020.

*  Discovery Cutoff: February 26, 2021

\*   Dispositive Motion Deadline: April 30, 2021

\*   US first motion (27) for a 90-day continuance of the discovery and dispositive motion deadlines - granted 2/08/2021 (31).

\*   US second motion (32) for a 90-day continuance of the discovery and dispositive motion deadlines - granted 4/25/2021

\*      9/7/2021 Plaintiff's first motion (43) for Leave to File Amended Complaint.

### ARGUMENT AGAINST GRANTING MOTION

Plaintiff, using unsupported and misleading allegations throughout its Motion, seeks to create a persuasive optic to influence the Court to grant its motion. That optic is without substance.

MOTION:

*As explained below, through the depositions of Defendant George Harrington and his wife, Monica Harrington, the United States first learned of certain facts that warrant adding Mrs. Harrington as a defendant. Good cause thus exists for amending the complaint. Mr. Harrington opposes this motion.*

REPLY:

The IRS and the RO were informed during examination and Tax Court trial that D's wife held, in legal, tax-compliant, fully reported accounts in her own name in those European banks mentioned by plaintiff, the assets which Plaintiff now seeks to obtain, alleging fraudulent

transfer. Complete documentation of her possession of the assets have either been provided to the plaintiff during discovery or been available to it via timely filed original FBARs, IRS tax forms 8938, D's wife's 1040  tax filings, bank records provided to plaintiff and/or other documents and records. Plaintiff states as fact that assets are no longer in defendant's name as a result of a transfer from defendant to D's wife. In fact, there has been no transfer and no evidence exists to support plaintiff's statement that they were ever in defendant's possession or name or there was ever a transfer. Tax records for the last thirty years, presumably in plaintiff's possession or available to it show that D's wife has maintained accounts containing her own funds of origin independent of her relationship with defendant for many years.

MOTION:

*On August 12, 2021, the United States deposed Mr. Harrington at the U.S. Attorney's office in Tacoma, Washington. Mr. Harrington testified that he no longer possessed any of the offshore assets at issue in this case. Rather, Mr. Harrington stated that in 2012 the full sum, about $2.7 million, was moved to an account at LGT Bank in Lichtenstein under his wife's name.*

REPLY:

Plaintiff uses inference and innuendo to suggest that at one time the "full sum" was in the possession of defendant, ignoring the fact that a trace of that sum back to its origin shows that prior to the surrender of an insurance policy in 2012, ownership was shared but undivided between spouses, as was their intention and ordinary practice, until D's wife decided to surrender

the policy and deposit the proceeds in her individually owned account in 2012. No inter-spousal transfer was involved.

Plaintiff suggests that defendant had some duty to lead plaintiff, pointing out items that it might find useful:

> MOTION:
>
> *Nor had Mr. Harrington's discovery responses disclosed that fact, even though they should have disclosed it. For example, United States' Interrogatory 12 asked, Identify any account at LGT Bank AG in which you and/or your wife had a financial interest. With respect to each account, state who opened the account; the account's purpose; the source of all funds placed into the account and the dates the funds were placed into the account; and the accounts or other locations to which any funds were transferred from the LGT Bank account and the dates of such transfers. Mr. Harrington's full answer was, "Neither Defendant nor his wife had any foreign bank account including in LGT Bank AG, other than in New Zealand during the years identified by the Plaintiff in its FBAR action."*

> REPLY:

Defendant stands by his answer which is entirely accurate and in no way misleading or deficient. The FBAR years identified by plaintiff in its complaint are 2007, 2008, 2009, 2010. Defendant's interrogatory response fully addressed those years. The FBAR rules which define a citizen's duty in respect thereof are narrowly year specific. Nevertheless, the information plaintiff feels it should have received was already in its hands, the interrogatory thus redundant. Defendant's duties would reasonably be more narrowly or restrictively construed than plaintiff would urge.

> MOTION:

*On August 19, 2021, the United States deposed Mrs. Harrington. At her deposition, Mrs.Harrington testified that she and her husband held the offshore funds jointly until 2012. After that, according to Mrs. Harrington, Mr. Harrington transferred his full share to her. Yet Mrs.Harrington also admitted that she did not provide any consideration in exchange for sole ownership of the account. Lastly, Mrs.Harrington testified that she closed the LGT account in 2015 and moved the money to a new account at Vontobel Holding AG in Switzerland.*

REPLY:

Plaintiff seeks to argue a fraudulent conveyance case in a motion to amend. Neither defendant nor Mrs. Harrington have been provided a transcript of her deposition testimony. Plaintiff was thoroughly informed through medical documentation prior to the deposition that Mrs. Harrington has been diagnosed as suffering from amnestic disorder, a neurologic affliction which, among other symptoms, causes her to suffer panic attacks and her memory to be unreliable. She has also been diagnosed has having a "brain lesion" of undetermined effect and prognosis. She is 79 years old. She should not have been deposed. Mrs. Harrington's experience does not inform her of the various meanings of the word "transfer" or their implications in the law and rules of fraudulent transfer. If plaintiff's characterization of Mrs. Harrington's testimony is accurately described, then Plaintiff's attorneys deceived and led her to their unfair advantage in their questioning.

MOTION:

*The United States did not learn of Mr. Harrington's transfer of the funds at issue to Mrs.Harrington until deposing Mr. Harrington on August 12. As stated above, prior to then, the United States was not aware of any further disposition of these funds after Mr. Harrington had placed them in the LGT account. Mr. Harrington did not reveal in his written discovery responses that he and Mrs.Harrington had moved these funds into the Vontobel account solely in Mrs. Harrington's name. The United States was diligent in its effort to learn the relevant facts and has moved to amend after discovering the new information. Hence, under Rule 16(b), good cause exists to modify the scheduling order.*

REPLY:

Mr, Harrington, defendant, was obliged to respond in full to plaintiff's queries in deposition and interrogatories. He is not obliged to lead or direct plaintiff's discovery. If plaintiff did not discover facts or evidence in the record, the reason is that it did not look closely enough. Plaintiff knows that Mr. Harrington did not place funds in a LGT account. It knows that Mr. AND Mrs. Harrington did not move funds into a Vontobel account. Plaintiff knows that Mrs. Harrington closed her LGT account and opened her Vontobel account in 2015 because Vontobel offered to US citizens accounts with full IRS reporting services.

Plaintiff's statements are inaccurate, self serving and misleading at best.

Defendant, in his remonstrations regarding merit and tone of plaintiff's motion does not wish to argue a fraudulent transfer case which does not yet exist, but rather to push back against the plaintiff's use of inaccuracies to construct its optic. Plaintiff's attorneys' zeal demonstrates a simple desire to "win" rather than achieve a just outcome in this case, a cause for some alarm.

Defendant has asked for a jury trial in order to allow a panel of ordinary people without legal training, drawn from the general public, resembling the defendant himself, to decide issues of fact relating to core controversies in the FBAR penalty case which are sufficiently complicated without further addition. The case involves, in addition to issues one would expect, other possibly vexing issues of law and precedent in the District of Colorado (Wahdan, 1:17-cv-01287-MSK, USDC Colorado). Plaintiff"s motion to add an additional defendant and additional issues would, if granted, unduly and unnecessarily complicate the task of a jury considering an already involved and unfamiliar matter by piling on all the issues involved in a fraudulent transfer action. Granting the motion would substantially and unduly increase costs to the prejudice of defendant.

Undue prejudice happens "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." Minter v. Prime Equip. Co., 451 F.3d 1196, 1208 (10th Cir. 2006).

The subject of the complaint is the liability of defendant for FBAR penalties for the years 2007, 2008, 2009, 2010. Plaintiff's motion seeks to amend the complaint to include subject matter and a party different from those set forth in the complaint and raise significant new factual issues. Denying the motion would not prejudice plaintiff, merely retain focus on issues identified in the pleadings.

CONCLUSION

For the reasons stated above defendant asks the Court to deny plaintiff's motion.

/s/ George Harrington
Defendant Pro Se
1245 Chipeta Ave.

Grand Junction CO 81501
360 674 0280
mjgharrington@hotmail.com

I certify that on September 22, 2021, I served a copy of the forgoing Reply by e-mail on:
CHARLES J. BUTLER
MATTHEW P. UHALDE
Trial Attorneys, Tax Division
U.S. Department of Justice
Charles.J.Butler@usdoj.gov

/s/ George Harrington
Defendant 1245 Chipeta Ave. Grand Junction CO 8150